IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHAMPION CHRYSLER PLYMOUTH,** *et al.***,**

        Plaintiffs,

vs.                                    Case No.: 2:17-cv-130
                                    JUDGE GEORGE C. SMITH
                                    Magistrate Judge Kemp

**DIMENSION SERVICE CORPORATION,**

        Defendant.

### ORDER

On February 24, 2017, the United States Magistrate Judge issued a *Report and Recommendation* recommending that this matter be remanded to the Franklin County, Ohio Court of Common Pleas. (Doc. 6). The parties were advised of their right to object to the *Report and Recommendation*. This matter is now before the Court on Defendant Dimension Service Corporation's Objections to the *Report and Recommendation*. (*See* Doc. 7). Plaintiffs have filed a response. (Doc. 8), and Defendant has replied (Doc. 11).[1] Because Defendant filed objections, the Court reviews *de novo* those portions to which an objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

---

[1] Defendant's filed a Motion for Leave to File a Reply to Plaintiff's Response (Doc. 11), which is hereby **GRANTED**.

Upon timely objection, a district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings while legal conclusions are reviewed under the more lenient "contrary to law" standard. *Gandee v. Glaser,* 785 F.Supp. 684, 686 (S.D. Ohio 1992), *aff'd,* 19 F.3d 1432 (6th Cir. 1994). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Eversole v. Butler County Sheriff's Office*, 2001 U.S. Dist. LEXIS 26894, at *2 (S.D. Ohio August 7, 2001) (sustaining objections to magistrate judge's order rejecting claim of attorney-client privilege and work-product) (citation omitted). The District Court Judge's review under the "contrary to law" standard is "plenary," and it "'may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent.'" *Gandee,* 785 F.Supp. at 686 (citations omitted). It is with these standards in mind that the Court reviews the Magistrate Judge's Order.

The Magistrate Judge carefully considered all the arguments of the parties in ruling on whether the case should be remanded to the Franklin County Court of Common Pleas pursuant to 28 U.S.C. § 1441.

Defendant objects to the Court sua sponte raising the Forum Defendant Rule, relying on *RFF Family Partnership, LP v. Wasserman*, 316 F.Appx. 410, 411 (6th Cir. 2009), which found the district court erred when it raised the forum-defendant exception to the removal statute on its own initiative. However, Plaintiffs counter that this holding is contrary to another Sixth Circuit decision, *Thompson v. Karr*, 1999 U.S. App. LEXIS 16846, which held that the forum defendant

2

rule was jurisdictional and the Court can raise the issue sua sponte. Further, other district courts within the Sixth Circuit have found this rule to be jurisdictional and thus courts are able to raise the issue sua sponte. In *Balzer v. Bay Winds Federal Credit Union*, 622 F. Supp. 2d 628, 630 (W.D. Mich. 2009), the Court acknowledged the conflict in the Sixth Circuit, but ultimately concluded that the removal prohibition in Section 1441(b)(2) was not merely procedural, but rather jurisdictional and the court had an obligation to raise the issue on its own. The court stated:

> In this case, the balance weighs heavily in favor of permitting the Court to raise and enforce the forum defendant rule on its own. The flaw in the removal is no mere procedural technicality, but a fundamental issue of the removal power. Congress has made clear that a district court's removal jurisdiction is narrower than its original jurisdiction. Compare 28 U.S.C. § 1441, with § 1332. The Court has an obligation to enforce both limits.

*Id.* at 631.

Therefore, based on the reasoning set forth above, Magistrate Judge Kemp issued a show cause order raising the forum defendant rule and inquiring as to whether jurisdiction was proper in this Court. This was well within Magistrate Judge Kemp's authority. Further, the findings of the Magistrate Judge that this case should be remanded are not contrary to law. The Magistrate Judge carefully considered the purpose of the removal statute, to preserve a federal forum for certain types of cases, such as federal question cases, and diversity cases, and also acknowledged that removal jurisdiction is to be construed strictly. (Doc. 6, Report and Recommendation at 12). The Court agrees that it would broaden the removal jurisdiction and impact state court jurisdiction to interpret that statute as argued by Defendant.

Defendant raises a number of other objections to the Magistrate Judge's Report and Recommendation, including the reliance on legal developments and legislative intent, failure to

rely on plain meaning of the statute (28 U.S.C. § 1441), and the characterization of the removal as a "snap removal." (*See generally* Doc. 7). The Court has considered all of these objections, but again finds that this case should be remanded based on the detailed reasoning set forth in the Report and Recommendation. Accordingly, the Magistrate Judge has not erred in his decision ordering that this case be remanded.

For the reasons stated above, in response to Plaintiff's First Motion for Order to Show Cause, this matter shall be remanded to the Court of Common Pleas, Franklin County, Ohio. The Magistrate Judge's Report and Recommendation is hereby **ADOPTED AND AFFIRMED**. Defendant's Motion for Leave to File a Reply is **GRANTED** and the Reply brief was considered in the aforementioned discussion. Plaintiff's request for a telephone status conference is **DENIED AS MOOT** and any further scheduling matters should be addressed with the Franklin County Court of Common Pleas.

The Clerk shall remove Documents 4, 6, 7, 10, and 11 from the Court's pending motions list. The Clerk shall remand this matter to the Franklin County Court of Common Pleas.

    **IT IS SO ORDERED**.

                       /s/ *George C. Smith*
                        **GEORGE C. SMITH, JUDGE**
                        **UNITED STATES DISTRICT COURT**