UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHAMPION CHRYSLER PLYMOUTH, *et al.*,

    Plaintiffs,

v.

Case No.: 2:17-cv-130
JUDGE GEORGE C. SMITH
Magistrate Judge Deavers

DIMENSION SERVICE CORPORATION,

    Defendant.

**OPINION AND ORDER**

This matter is before the Court upon Plaintiff's Motion For Attorney's Fees and Costs For Improper Removal (Doc. 21). The motion is fully briefed and ripe for disposition. For the following reasons, Plaintiff's Motion For Attorney's Fees and Costs is **DENIED**.

**I.    BACKGROUND**

On January 11, 2017, Plaintiffs Champion Chrysler, Plymouth Jeep and Ed Parker; Bert Ogden dealer Group; Ferguson Dealer Group; Allen Tillery Chevrolet; and Great Lakes Insurance ("Plaintiffs") commenced this action against Dimension Service Corporation ("Dimension") in the Franklin County Court of Common Pleas by filing an Application for an Order Confirming an Award in Arbitration Against Dimension ("Application"). Plaintiffs requested that the Franklin County Clerk of Courts serve Dimension with a copy of the Application by certified mail; however, service by certified mail failed because Plaintiffs provided an incorrect address for Dimension. (Doc. 1, PAGEID #84, Franklin County Action Docket). Plaintiffs also served Robert Miller, Dimension's counsel during the arbitration proceedings, with a copy of the Application by way of electronic mail on January 11, 2017.

(Doc 8-1, Schuler Aff. ¶4). On January 25, 2017, Plaintiff's counsel received an email from Christopher Tackett, Dimension's current counsel, stating that the Nardone Limited law firm would be representing Dimension. (*Id.* ¶5). On February 6, 2017, Plaintiff's counsel hand delivered a copy of the application to attorney Tackett and mailed a second copy to attorney Miller. (*Id*. ¶¶6-7).

On February 14, 2017, Dimension removed the case to this Court on the basis of diversity jurisdiction. (Doc. 1, Not. Of Rem. ¶1). On February 15, 2017, Magistrate Judge Kemp issued an order requiring Dimension to show cause on its grounds for removal. (Doc. 3, Order, at PAGEID #162). Dimension argued it was permitted to "snap remove" the case under 28 U.S.C. § 1441(b)(2), which it argues permits an in-forum defendant to remove so long as it has not been properly served at the time of removal. After considering this argument, Magistrate Judge Kemp issued a Report and Recommendation (the "Report") stating that Congress did not intend to allow a lone in-forum defendant, like Dimension, to remove the case under 28 U.S.C. § 1441(b)(2), and recommending that the case be remanded back to the Franklin County Court of Common Pleas. (Doc. 6, Report and Recommendation, at PAGEID #190).

Dimension filed an objection to the Report, but this Court adopted and affirmed the Report's reasoning and ordered the case remanded. (Doc. 14, Order, at PAGEID #3793). Dimension then filed an appeal of that Order to the Sixth Circuit Court of Appeals. The appeal was dismissed by the Sixth Circuit due to lack of appellate jurisdiction to review the remand order. (Doc. 20, Order, at PAGEID #3803).

Plaintiffs now move this Court for an order awarding attorney's fees and expenses for the wrongful removal by Dimension, and for an order establishing a procedure acceptable to the Court for adjudicating the amount of the fees and expenses to be awarded.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1441, a defendant is able to remove a civil case from state court to federal district court where diversity of citizenship exists. If the district court later finds that it lacks jurisdiction, as it has in the present case, it must remand the case to state court. 28 U.S.C. § 1447(c). The removal statute contains a fee shifting provision that provides that "an order remanding the case may require a payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." *Id*.

The Supreme Court has held that, barring unusual circumstances, the award of fees is appropriate if the removing party did not have "an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2017). "A defendant lacks an objectively reasonable basis for removal when well-settled case law makes it clear that federal courts lack jurisdiction to hear the case." *A Forever Recovery, Inc. v. Twp. of Pennfield*, 606 Fed. Appx. 279, 281 (6th Cir. 2015). The objective reasonableness standard, however, does not require a showing that the defendant's position was "frivolous" or "without foundation." *Martin*, 546 U.S. at 138–39. Among other factors, objective reasonableness may depend on "the clarity of the law at the time the notice of removal was filed." *Kent State. Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 Fed. Appx. 485, 489 (citing *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008)).

Although the Court in *Martin* instructs district courts to consider the underlying reasonableness of removal actions in determining whether or not fees should be granted, the determination of reasonableness does not bind courts in their decision to grant attorney's fees. *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1060 (6th Cir. 2008). The Court in *Martin* makes clear that a district court's discretion to award or deny fees under § 1447(c) involves more

3

than an on-off switch that is solely dependent on the objective reasonableness of the removal decision. *Warthman*, 549 F.3d at 1060. "[D]istrict courts retain discretion to consider whether unusual circumstances warrant a departure from the [objectively-reasonable-basis] rule in a given case." *Martin*, 546 U.S. at 141.

The Court therefor applies a two-step test to review the award of attorney's fees under § 1447. *A Forever Recovery*, 606 Fed. Appx. at 281. First, the Court will consider whether *Dimension* had an objectively reasonable basis to remove the case. *Id*. Second, the Court will consider whether an "unusual circumstance" justified departing from the objectively-reasonable-basis rule. *Id*.

### A. Removal Was Objectively Reasonable

Defendant argues that removal was objectively reasonable due to substantial case law in favor of removal under the facts of the present case. Defendant further argues that this issue has resulted in multiple splits amongst jurisdictions, and further was an issue of first impression in this District (as noted by Magistrate Judge Kemp in the Report). Therefore, to raise the issue here means that removal must have been objectively reasonable.

Plaintiff counters that it was not objectively reasonable for Dimension to make this argument due to the fact that Dimension had been properly served under Ohio Civ. R. 5(B). Thus, the argument that Dimension could remove the case before being properly served was inapplicable to the facts of the present case, and objectively unreasonable. Due to the fact that there is substantial case law in support of Dimension's attempt for removal, the Court finds that the removal in the present case was objectively reasonable.

In the present case, although Dimension's attempt at "snap removal" was denied, it was supported by relevant case law. This is evidenced by the great lengths taken by Magistrate Judge Kemp to detail the current state of disarray pertaining to this issue. Indeed, interpretation of

4

§ 1441(b)(2) has produced splits within single judicial districts. *Compare United Steel Supply, LLC v. Butler*, 2013 WL 3790913 (W.D. Ky. July 19, 2013) (permitting an in-state defendant to take advantage of "snap removal") with *Schilmiller v. Medtronic, Inc.*, 44 F. Supp. 3d 721, 727 (W.D. Ky. 2014) (commenting that "[t]he behavior in quickly removing before service of process can be made is clearly an attempt to go around the forum defendant rule" and remanding a case removed in that fashion).

In a case similar to the present action, a District Court in Tennessee denied court costs, finding that the sheer number of cases that are split on the issue of snap removal, and the fact that it was being heard as an issue of first impression in that court, was enough to conclude that the removal was objectively reasonable. *Little v. Wyndham Worldwide Operations, Inc.*, 251 F. Supp. 3d 1215, 1224 (M.D. Tenn. 2017).

At the time that Dimension removed the present action, there existed no well settled case law that made it clear that federal courts lacked jurisdiction to hear its case. Because this was an issue of first impression in this district, there was no clarity of the law at the time the notice of removal was filed. Thus, as in *Little*, the Court finds that removal was objectively reasonable.

**B.     Unusual Circumstances That Justify Attorney's Fees Do Not Exist**

The Court must now determine whether to exercise its discretion to award fees in a departure from the objectively-reasonable-basis rule, due to the existence of an unusual circumstance.

Plaintiffs argue that Dimension wrongfully asserted that it had not been properly served prior to removal. Thus, Plaintiffs contend, Dimension misrepresented the factual underpinnings of the removal action in an act of bad-faith in order to cause unnecessary delay. Plaintiffs assert that these facts constitute "unusual circumstances," and thus the Court should abandon the objectively-reasonable-basis rule and award attorney's fees. For the following reasons, the Court

finds that service had not been properly made upon Dimension prior to the removal to Federal Court. Therefore, the factual underpinnings of the removal were valid and there was no evidence of bad faith.

The Court retains discretion to award fees if it has identified an "unusual circumstance that justifies departing from the objectively-reasonable-basis rule. *Martin*, 546 U.S. at 141. In exercising this discretion, the district court should aim to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id*. at 140.

Bad-faith motivation to remove for the purpose of prolonging litigation and imposing court costs on the opposing party indisputably qualifies as an "unusual circumstance" that would justify the awarding of fees, even if the defendant had an objectively reasonable basis for removal. *A Forever Recovery*, 606 Fed. Appx. at 284 (citing *Martin* 546 U.S. at 141); *see also Baldwin v. Burger Chief Sys., Inc.*, 507 F.2d 841, 842 (6th Cir. 1974) ("A court exercising its equitable powers may award attorney's fees in certain extraordinary circumstances. For example, when an adversary has acted in bad faith or vexatiously, attorney's fees may be recovered.")

Thus, for purposes of the present case, in order to show that unusual circumstances exist and that attorney's fees should be granted, plaintiff must show that (1) Dimension had been properly served prior to removal to this Court, and thus it alleged false factual grounds in order to meet the requirements for removal; and (2) Dimension possessed a bad-faith motivation in removing the current action for the purpose of prolonging the litigation and imposing court costs

6

on the opposing party. Because Dimension had not been properly served, there can be no finding of bad faith due to the fact that the factual underpinnings of removal were true.

### 1. Dimension Had Not Been Properly Served Prior to Removal

In briefing this issue, both parties correctly argue that Ohio Civ. R. (5)(B) governs service in this matter. O.R.C. § 2711.05 provides, "[a]ny application to the court of common please under sections 2711.01 to 2711.15 . . . shall be made and heard in the manner provided by law for the making and hearing of motions." O.R.C. § 2711.09 governs applications for orders confirming arbitration awards and falls within § 2711.05's coverage. Thus, the standard for serving an application for order confirming an arbitration award is the same standard as is required for serving a motion. *Lamb v. Javitch, Block & Rathbone*, *L.L.P.*, No. 1:04-CV-520, 2005 WL 4137786, at *3 (S.D. Ohio Jan. 24, 2005) (Beckwith, C.J.); *Aetna Fin. Co. v. McGhee,* No. 246287, 1993 WL 944559, at *1 (Ohio Com. Pl. Cuyahoga Aug. 26, 1993).

Ohio Civ. R. 5(B)(1) provides, "if a party is represented by an attorney, service under this rule must be made on the attorney." The question then becomes whether the attorney who represented Dimension in the arbitration action is its attorney for the present action, even though the attorney has not taken any action in the present case.

Plaintiffs argue that because this action is a "direct result" of the arbitration agreement, service on Dimension's attorney who represented them in that action was proper. Plaintiffs cite *Cox v. Dayton Public Schools Bd. of Education* in support of this rule. 147 Ohio St. 3d 298 (2016). *Cox* held that a motion filed pursuant to O.R.C. § 2711.13 requires service as provided by Ohio Civ. R. 5(B). *Id*. at 303. The movant in *Cox* mailed service to both the defendant, and the defendant's counsel on two separate days. *Id*. Because the defendant was represented by counsel, service was accomplished on the day that defendant's attorney was served. *Id*.

7

The court in *Cox* does not address how it came to the conclusion that defendant was represented by counsel, and whether the defendant had an attorney of record at the time of service was not a disputed issue before the *Cox* court. The Ohio Supreme Court did not employ a "direct result" test as argued by Plaintiffs. *Cox* therefore sheds no light on whether Dimension was represented by counsel at the time Plaintiffs attempted service.

When speaking directly to the issue, the Ohio Supreme Court has held that "[f]or purposes of Civ. R. 5(B), in order that service be effective on a party by that party's attorney, the attorney must be an attorney of record in the trial court." *Ervin v. Patrons Mut. Ins. Co.*, 20 Ohio St. 3d 8, at syllabus (1985). An attorney is not an attorney of record for purposes of service simply by virtue of having been served with a copy of the complaint. *Verber v. Wilson*, at *5, 1997 WL 304403 (citing *Ervin*—generally). Rather, "[a]n attorney becomes an attorney of record in the particular proceedings by his subscription of a pleading or paper served and filed in that action." *Id.* (citing McCormac, Ohio Civil Rules Practice (2d Ed. 1992) 137, Section 6.07). No attorney had taken any action in the present case on behalf of Dimension at the point at which Plaintiffs attempted service. Thus, there was no attorney of record representing Dimension and Plaintiffs were required to serve Dimension directly.

As evidenced in the record, Plaintiffs attempted to serve the corporation Dimension through the Franklin County Clerk of Courts by use of certified mail. This service failed, as the service was sent to an incorrect address. Nothing in the record shows that Dimension had been represented by an attorney prior to removal. Thus, even though Plaintiffs delivered the Application to Robert Miller, and Christopher Tackett, neither were attorneys for Dimension at that time and service was not proper.

In summation, service by Plaintiffs upon Dimension by way of certified mail failed. Service upon Robert Miller and Christopher Tackett did not effectuate service upon Dimension, as they were not Dimension's attorneys of record. Thus, service was not complete at the time of removal and the factual under pinning of Dimension's Pre-Trial Removal was not false.

### 2. Dimension Did Not Act in Bad-Faith When It Removed the Case

Even had the Court determined that service upon attorney Christopher Tackett satisfied the requirements under Ohio Civ. R. 5, awarding attorney's fees to Plaintiffs would not be appropriate.

In order for unusual circumstances to necessitate the awarding of fees, they must be accompanied by a "[b]ad-faith motivation to remove for the purpose of prolonging litigation and imposing court costs on the opposing party." *A Forever Recovery*, 606 Fed. Appx. at 284 (citing *Martin* 546 U.S. at 141). Plaintiffs do not plead any facts to show that Dimension operated in bad faith.

Because the Court does not find a showing of bad faith on behalf of Dimension, Plaintiff's Motion for Attorney Fees and Costs is denied.

### III. CONCLUSION

Based on the foregoing reasons, Plaintiffs Motion for Attorney's Fees and Costs For Improper Removal is **DENIED**.

The Clerk shall remove Document 21 from the Court's pending motions list.

**IT IS SO ORDERED.**

          */s/ George C. Smith*
          **GEORGE C. SMITH, JUDGE**
          **UNITED STATES DISTRICT COURT**